[Crim. No. 2306.   Second Appellate District, Division One.—March 17, 1933.]

THE PEOPLE, Respondent, v. HUEL GOLDSMITH, Appellant.

Robert E. O'Neill for Appellant.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

HOUSER, J.—From a judgment of conviction on each of two counts contained in an information wherein he was

charged with the commission of the crime of rape, as well as from an order by which his motion for a new trial was denied, defendant has appealed to this court.

Although appellant has divided his point into many different parts and by each of them has urged a reason couched in language different from either or all the others, the sum and substance of the several grounds thus presented for reversal of the judgment and the order herein is that the evidence is insufficient to support the judgment.

An examination of the record discloses the fact that a period of two days only intervened between the alleged attack made by defendant on his first victim and the similar attack made by him on the second. As he did not see fit to be sworn as a witness in his own behalf, the testimony of the prosecuting witness in each of the counts of the information must furnish the sole source relating to the immediate facts. In the main, it appears that the method of attack employed by him in the commission of the offense of which he was charged was identical one case with the other. In short, at about 8 o'clock in the morning, he drove his automobile along or upon a bus route, and upon seeing the prosecutrix apparently waiting for an opportunity to become a passenger on such conveyance, stopped his automobile and invited the prosecutrix to ride with him. The invitation having been accepted, instead of continuing on the way to the intended destination of the prosecutrix, defendant drove his automobile at a rapid rate of speed into a lonely place among willow trees and bushes, and then and there, by means of threats of great bodily injury to the prosecutrix, or even of taking her life, unless she consented to the act—which threats were actually preceded by physical violence in the form of choking the prosecutrix—he succeeded in quieting her physical resistance and thereupon proceeded to and did accomplish his purpose.

The contention of appellant is that because by the evidence it appears that continuously and up to the very instant when copulation occurred between defendant and the prosecutrix, she failed to make every resistance within her power to prevent the consummation of the act—no crime was committed. In that connection, in effect the evidence was that, because of the immediately previous violence suffered by the prosecutrix at the hands of defendant, together

with his threats to take her life unless she acceded to his demands, coupled with the apparent power in the defendant of execution of his threats, the prosecutrix desisted from her former resistance of defendant's attack upon her, and thereupon in apparent acquiescence permitted defendant to carry out his desires. In such circumstances, the ruling in the thoroughly considered case of *People* v. *Bonzani*, 24 Cal. App. 549 [141 Pac. 1062], wherein the detailed facts resembled those herein, is a complete answer to and refutation of appellant's contention. Subdivision 4 of section 261 of the Penal Code provides that the crime of rape may be committed where "she (the victim thereof) is prevented from resisting by threats of great and immediate bodily harm, accompanied by apparent power of execution, . . ." On each of the occasions, and at the time specified in the information, it appears from the evidence that, aside from, and in addition to, the fact that in defendant's favor a physical and muscular difference existed between him and the prosecutrix, he particularly threatened that, with a wrench which lay on the floor of the automobile, he would take her life unless she ceased in her physical efforts to frustrate the attack upon her and to plead for the preservation of her life and her virtue. As is said in the cited case (24 Cal. App. 549, 558, 559 [141 Pac. 1062, 1066]) :

" . . . It is obviously true and is often the fact, as the jury by the evidence was authorized to believe was so in this case, that a person, when enveloped by appalling circumstances, will lose his courage and with it his normal strength and so become practically helpless in the hands of one who may have a criminal or sinister design which may be the more readily executed when his victim is reduced to that condition. . . . And the proposition may be said to be particularly true in cases of rape where the assaulted party is of the weaker sex. So, in all such cases, of which this is typical, since there is evidence in the record tending to show that the prosecutrix was much frightened and terrified, it is always with the jury to say, where there is some credible evidence of the fact, whether the female was, at the time of the assault, possessed of such fear as would likely have the effect of impairing, if not altogether destroying, her ability to so resist her assailant as to prevent actual intercourse."

See, also, *People* v. *Holmes,* 71 Cal. App. 59, 63 [234 Pac. 332] ; *People* v. *Murphy,* 53 Cal. App. 474, 480 [200 Pac. 484]. In the well-considered case of *People* v. *Cline,* 117 Cal. App. 181, 184 [3 Pac. (2d) 575, 576], in effect the rule is announced that the resistance made by the victim of the attack ''need only be such as to make nonconsent and actual resistance reasonably manifest; . . . or until resistance becomes so useless as to warrant its cessation''.

Ordinarily, the question of whether the prosecutrix made the required resistance is one of fact to be determined by the jury from the evidence adduced on the trial of the action. Likewise, the further question as to whether her narration of the facts in connection with the commission of the alleged offense is true in its essential particulars. Such questions are for the consideration of the court on the one hand, when presented on the theory that the assumed facts are insufficient to establish either the *corpus delicti* or the guilt of the defendant in the action; or, on the other hand, that the testimony given by the prosecutrix is so inherently improbable of being the truth that necessarily it must fall of its own weight. In the instant case, although within the several points presented by appellant may be found such a specification of error or errors arising from the accusation against the defendant and the evidence adduced against him, nevertheless, without here detailing the numerous facts which appear in the testimony given on the trial of the action, it may suffice to state, first, that in the opinion of this court, which is supported especially by the later adjudications of the appellate tribunals of this state, the evidence presented against defendant was not only sufficient to support the judgment, but that it pointed so conclusively to his guilt that no doubt with reference thereto could conscientiously abide within the mind of a reasonable man; and secondly, with reference to the story of the prosecutrix relating generally to the details of the commission of the offense, and particularly to her own acts, conduct and declarations in connection with the resistance offered by her to the demands, threats and physical violence of defendant in the premises, in its substance and effect we discern no such incongruity between it and the dictates of common sense as would indicate that the judicial brand of falsity should be impressed upon such testimony.

The judgment as to each count of the information and the order therein by which the motion for a new trial was denied are affirmed.

Conrey, P. J., and York, J., concurred.