[Crim. No. 3033.   Second Appellate District, Division One.—February 18, 1938.]

THE PEOPLE, Respondent, v. DONALD A. KINNE, Appellant.

Earl D. Killion for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

DORAN, J.—The defendant, accused by information of the offense of rape, was found guilty by the court, sitting without a jury. It was stipulated at the trial that the issue should be submitted to the court on the transcript of the evidence introduced at the preliminary hearing. This appeal is from the sentence and judgment, and from the order denying defendant's motion for a new trial.

The evidence reveals the following facts: the prosecutrix was 22 years of age and a seamstress by occupation. She was a single woman at the time of the alleged attack, but had previously been married. On the night of June 16, 1937, she was waiting for an electric car in the Pacific Electric Station in North Hollywood. Defendant at that time and place walked up to her and asked her for a match, which she gave to him. She later boarded the car, and the defendant also boarded the same car. They occupied different seats in the car and nothing more was said between them. The prosecutrix left the car at her destination, namely, Laurel Canyon Boulevard; she resided about one-half mile from the street car track. At this point, although the defendant had paid his fare to a point beyond Laurel Canyon Boulevard, he also left the street car. He walked along the same street as the prosecutrix and in the same direction but on the opposite side of the street for about a block, when he disappeared. The prosecutrix testified that when she was about a block from Califa Street, the street upon which she resided, she heard someone walking behind her. She turned around and as she did so, the defendant grabbed her around the neck and struck her in the mouth and said, "You had better not scream." The prosecutrix then and there observed that the defendant was entirely nude. Defendant then took the prosecutrix by the hand and pushed her along Laurel Canyon Boulevard, about 100 feet back into a vacant lot under some apricot trees; pushed her down and pulled up her clothes, and completed the attack upon which the alleged offense is based. The defendant then left, whereupon the prosecutrix immediately went out into the street, hailed a passing motorist and told him what had occurred. She was then taken to the North Hollywood police station. She further testified

that she did not resist because she was scared and was afraid to resist.

Defendant testified, in substance, that the prosecutrix consented to the act and cooperated.

■ Appellant contends, as the only grounds of appeal, that the evidence affirmatively shows that the prosecutrix did not make that resistance which the law requires before a conviction of rape by force can be sustained. In that connection, the prosecutrix testified as follows: "I couldn't prevent it. We pick up the papers and hear about people being beat up and murdered. If I hadn't given in he would have beat up on me more and it would be pitiful." Obviously the same question raised herein on appeal was presented to the trial judge at the time of the trial, and, from a review of the evidence, it cannot be said that the trial judge erred as a matter of law in adjudging the defendant guilty. The evidence justifies the inference that consent, if there was such consent, on the part of the prosecutrix was not actual but merely ostensible, and that the remark of the defendant accompanied by the assault, under the circumstances, amounted to such a threat of "great and immediate bodily harm" as is contemplated by subdivision 4 of section 261 of the Penal Code. It requires no strain on the imagination to appreciate the plight of the prosecutrix, who, with but a moment to contemplate the consequences, could not be expected to exercise the calm judgment with which appellant now contends she should have been possessed. What would have happened to the prosecutrix at the hands of the defendant, if she had pursued a different course, is problematical.

The following authorities review situations somewhat similar: *People* v. *Bonzani,* 24 Cal. App. 549, 558 [141 Pac. 1062]; *People* v. *Norrington,* 55 Cal. App. 103, 108 [202 Pac. 932]; *People* v. *Cline,* 117 Cal. App. 181, 184 [3 Pac. (2d) 575]; *People* v. *Goldsmith,* 130 Cal. App. 443, 445 [20 Pac.. (2d) 107]; *People* v. *Cook,* 10 Cal. App. (2d) 511, 514 [52 Pac. (2d) 538].

There are no errors in the record, and the judgment and order appealed from are affirmed. Since no appeal lies from the sentence, the attempted appeal in that regard is dismissed.

York, P. J., and White, J., concurred.